### NORSTROM v. WAHL.

Circuit Court of Appeals, Seventh Circuit.
May 31, 1928.

Rehearing Denied September 13, 1928.

No. 4016.

1. **Patents** ⊕⟹303—Connection between defendant and corporation, of which he was president, and identity between alleged infringing devices, held sufficiently shown to warrant preliminary injunction under decree in suit against corporation.

In patent infringement suit, connection between defendant and corporation of which he was president, sued as defendant in another case, and identity of the infringing devices involved, was sufficiently established to warrant preliminary injunction, where defendant claimed to be inventor of the device and the same defenses were disclosed in both cases, and final decree was entered in other case establishing validity of plaintiff's patent.

2. **Patents** ⊕⟹300—Preliminary injunction against patent infringement was authorized, where defendant's ability to pay damages was doubtful.

Where, on motion for preliminary injunction in patent infringement suit, corporation of which defendant was president was shown to be insolvent, and ability of defendant to pay damages was doubtful, irreparable injury was sufficiently shown to warrant granting temporary injunction against patent infringement.

3. **Patents** ⊕⟹327(14)—President of corporation against which final judgment was entered in infringement suit should be estopped thereby.

President of corporation against which final judgment was entered for infringement of plaintiff's patent should be estopped by final decree in the other case.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Patent infringement suit by Leo J. Wahl against Nils. E. Norstrom, doing business as the Norstrom Electric Company. From an order and decree granting a preliminary injunction, defendant appeals. Affirmed.

Carl V. Wisner, of Chicago, Ill., for appellant.

Max W. Zabel, of Chicago, Ill., for appellee.

Before ALSCHULER, PAGE and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. The sole question here is whether the District Court exercised a sound discretion in granting the preliminary injunction. This case and Norstrom Electric Mfg. Co. v. Wahl, No. 3970, 27 F.(2d) 635, were argued together. The Wahl patent, No. 1,487,189 involved and held valid in No. 3970, is the patent here involved, and Nils E. Norstrom the defendant (appellant) here, was the president of the defendant, N. E. Norstrom Electric Manufacturing Company, in No. 3970.

[1] Appellant urges that plaintiff here does not show any connection between him and the N. E. Norstrom Electric Manufacturing Company, defendant in No. 3970, nor identity between the infringing device in that case and the alleged infringing device in this case.

Norstrom signed the answer on behalf of defendant in No. 3970, and made the affidavit attached thereto, and claimed to be the inventor of the device there used and the inventor of the alleged infringing device in this case. These and other pertinent matters are established by his affidavits in this case. The matters urged in that case against the validity of the Wahl patent are the same defenses disclosed here by Norstrom's affidavits.

[2] It is further urged that no irreparable injury is shown. It appears that the defendant in No. 3970 has long been insolvent, and, from the showing in the affidavits, it is highly improbable that defendant in this case will be able to adequately meet any obligation for damages, if they are assessed against him.

[3] It is finally urged that there is not shown a final decree, adjudicating the validity of the patent, which would be an estoppel against defendant. Appellant, claiming to be the inventor of his device, makes some claim that such changes have been made that it is no longer an infringement, if it ever was. He is. the president of the corporation, and it seems probable that he should be estopped by the final decree in No. 3970, which has now been affirmed.

We are of opinion that the preliminary injunction was properly granted, and that the decree of the District Court should be, and it is hereby, affirmed.